[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Delores A. Levesque, age 50, whose maiden name was Delores Ann Cochran, and the defendant, Alfred P. Levesque, were married on December 21, 1965 at Lebannon, New York. There are no minor children issue of the marriage although the parties have two adult children, a son and a daughter.
On July 25, 1986, a decree of dissolution was entered dissolving the parties marriage. On December 8, 1986, that decree was set aside by agreement of the parties and they resumed the marital status.
In the first ten years, the marriage was a stable one. However, problems arose due to the husband's drinking and the wife's extreme use of diet pills. There were frequent arguments between the parties and the threat of physical violence by the wife. It appears that the complaints of each party is exaggerated, but there is no question that the marriage is irretrievably broken down. Ultimate fault cannot be found as to either the husband or wife as each contributed to the breakdown.
The defendant is employed by the Connecticut Department of Transportation earning $630.00 per week with a net of $411.00. The plaintiff is a Training Home Operator employed by the CT Page 1595 Connecticut Department of Mental Retardation earning $535.61 per week. The parties own jointly a home located at 141 Wakefield Boulevard in Winsted valued at $140,000.00 free and clear. The parties agree that this asset may become the sole property of the plaintiff. The defendant shows savings of $1,200.00 and the plaintiff has disclosed savings of $11,500.00. There was before the court credible evidence that the plaintiff has undisclosed cash savings which totaled $87,000 in 1993. What this amount is at the present time is difficult to determine, but based upon the deposits to her checking account, there can be no doubt that the plaintiff has undisclosed cash assets.
Based upon the evidence and the provision of General Statute46b-81 the court finds that the marriage is irretrievably broken down and that the following orders should enter:
1. A decree of dissolution based upon irretrievable breakdown.
2. The defendant shall transfer the undivided one-half interest in 141 Wakefield Boulevard, Winsted to the plaintiff.
3. The defendant shall cover the plaintiff and bear the cost of all medical and dental insurance to which she is entitled under COBRA for the statutory three year period. The plaintiff shall be solely responsible for any unreimbursed medical or dental expenses.
4. The plaintiff is awarded $1.00 per year alimony modifiable until March 1, 2009 in the event the plaintiff is disabled from her present employment or other gainful occupation.
Decree may enter accordingly.
HON. WALTER M. PICKETT, JR.State Judge Referee